*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1206**

David Waterworth,
Appellant,

vs.

Elaine Ekman, et al.,
Respondents.

**Filed March 28, 2016
Affirmed
Johnson, Judge**

Marshall County District Court
File No. 45-CV-14-317

Dennis H. Ingold, Alan B. Fish, Alan B. Fish, P.A., Roseau, Minnesota (for appellant)

Brian K. Rokke, Rokke, Aandal, and Associates PLLC, Warren, Minnesota (for respondents)

Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

David Waterworth rented 106 acres of tillable farmland in Marshall County from Elaine Ekman. The lease agreement states that the land rented by Waterworth is within a larger parcel of property owned by Ekman, which was 138.48 acres in area. The lease agreement also states that Waterworth has an option to purchase "this land" if Ekman

sought to sell it, at whatever price a third party agreed to pay Ekman. The issue on appeal is whether Waterworth's option relates only to the 106 acres of tillable farmland that he rented or whether it relates to the entirety of Ekman's 138.48-acre parcel. The district court concluded that Waterworth's option is limited to the 106 acres of tillable farmland that he rented. We affirm.

## FACTS

In 2011, Ekman owned a 138.48-acre parcel of real property in Marshall County. Ekman resided in a farmhouse on the property. In October 2011, Waterworth and Ekman entered into a lease agreement, which was drafted by Waterworth. The lease agreement states, in relevant part:

> This agreement between lessees, Elaine Ekman and lessor, David Waterworth.
>
> Rent rates will be 20 dollars per tillable acre for 2012 and 40 dollars per tillable acre for years 2013, 2014, 2015, 2016, 2017.
>
> Total tillable acres 106.
>
> . . . .
>
> Legal description of the land in agreement is in, W1/2 of the NW1/4 of Sec 31 of New Maine Twshp, Marshall County MN and the W1/2 of the SW1/4 of Sec 31 of New Maine Twshp, Marshall County MN.
>
> . . . .
>
> Lessor, shall have the first option to buy this land at sale price, if land is to be sold.

After the lease was executed, Ekman retained possession of all parts of the property other than the tillable farmland.

2

In December 2013, a conservator was appointed to manage Ekman's property and business affairs. Because Ekman was receiving medical assistance, the county required the conservator to sell Ekman's property, which was her only asset. In June 2014, the conservator advertised the sale of 103 acres at a public auction. The winning bid was $125,000. Waterworth exercised his right to purchase the 103-acre parcel at that price.

The conservator then took steps to sell the remainder of Ekman's property. With the county's approval, the conservator reached agreements to sell it in two parcels: one that includes the farmhouse, farmyard, and outbuildings to one of Ekman's grandchildren, and a second that consists of woods to another of Ekman's grandchildren. In the process, the conservator discovered that 3 acres of the land yet to be sold were among the 106 acres of tillable farmland that Waterworth had rented.

In August 2014, the conservator's attorney wrote to Waterworth to inform him of the agreements for the sale of the remainder of Ekman's property and inquired whether he wished to purchase the 3 additional acres of tillable farmland. Waterworth's attorney responded in writing by stating that Waterworth would exercise his option to purchase the 3 additional acres of tillable farmland. In addition, Waterworth's attorney asserted that Waterworth has an option to purchase all remaining parts of Ekman's property. The conservator's attorney replied by asserting that Waterworth's option does not extend to all of Ekman's property.

In September 2014, Waterworth commenced this action, seeking a declaration that he has a right of first refusal to purchase all of Ekman's property that is within the legal description in the lease agreement. In March 2015, the district court conducted a court

3

trial. The parties submitted a five-page stipulation of facts and stipulated to the admission of four exhibits. At trial, the parties stipulated to additional facts on the record. Waterworth's appellate brief describes the additional stipulated facts as follows:

> (1) Waterworth drafted the farm lease; (2) Elaine Ekman and Waterworth never discussed whether the option to buy applied to just the 106 tillable acres farmed by Waterworth or to all of the land owned by Ekman; (3) in drafting the lease, Waterworth intended the option to apply to all of Ekman's land; and (4) when the lease was signed, Elaine Ekman lived on the land and retained possession of all the non-farmed acres.

Neither party presented any other evidence.

In June 2015, the district court issued a seven-page order and memorandum in which it concluded that Waterworth's option is limited to the 106 acres of tillable farmland that he had rented and, thus, that he "does not have an option to buy all of Ekman's land." Waterworth appeals.

## DECISION

Waterworth argues that the district court erred by concluding that his purchase option is limited to the 106 acres of tillable farmland that he rented from Ekman. Waterworth's argument requires us to apply caselaw concerning the interpretation of contracts.

### A.

"The primary goal of contract interpretation is to ascertain and enforce the intent of the parties." *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009); *see also Travertine Corp. v. Lexington-Silverwood*, 683 N.W.2d 267, 271 (Minn. 2004). The corollary to this principle is that "the intent of the parties is determined from the plain

4

language of the instrument itself," so long as the agreement is unambiguous. *Travertine Corp.*, 683 N.W.2d at 271. A contract is ambiguous "if, judged by its language alone and without resort to parol evidence, it is reasonably susceptible of more than one meaning." *Metro Office Parks Co. v. Control Data Corp.*, 295 Minn. 348, 351, 205 N.W.2d 121, 123 (1973); *see also Dykes v. Sukup Mfg. Co.*, 781 N.W.2d 578, 582 (Minn. 2010). We apply a *de novo* standard of review to the question whether a contract is ambiguous. *Carlson v. Allstate Ins. Co.*, 749 N.W.2d 41, 45 (Minn. 2008).

In this case, both parties argued to the district court that the option provision of the lease agreement is unambiguous, though the parties' respective interpretations naturally differed. Waterworth argued that the phrase "this land" refers to the legal description of real property that is recited in the agreement. Ekman argued that the phrase "this land" refers to the 106 acres of tillable farmland that Waterworth rented. Contrary to the arguments of both parties, the district court ruled that the option provision is ambiguous because the parties' intentions cannot be determined based on its plain language. On appeal, Waterworth renews the argument he presented to the district court. Ekman did not file a responsive brief. *See* Minn. R. Civ. App. P. 142.03.

We agree with the district court that the option provision of the lease agreement is ambiguous. The antecedent of the phrase "this land" is not obvious. One paragraph of the agreement refers to the 106 acres of tillable farmland. Another paragraph refers to a legal description of real property. On its face, the plain language of the agreement does not indicate which preceding paragraph the parties had in mind when they agreed that Waterworth would have an option to purchase "this land." Thus, "judged by its language

alone and without resort to parol evidence," the option provision of the lease agreement "is reasonably susceptible of more than one meaning." *See Metro Office Parks Co.*, 295 Minn. at 351, 205 N.W.2d at 123.

**B.**

If a contract is ambiguous, the parties' intentions concerning the ambiguous contract provision is a question of fact. *Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339, 346 (Minn. 2003); *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 66 (Minn. 1979). This court applies a clear-error standard of review to a district court's findings of fact concerning the parties' intentions when entering into a contract whose language is ambiguous. *Empire State Bank v. Devereaux*, 402 N.W.2d 584, 587 (Minn. App. 1987).

In this case, the district court found, pursuant to the parties' stipulation, that Waterworth intended the option provision to apply to all of Ekman's property. But the district court also found that Waterworth and Ekman never discussed whether the option provision should apply only to the 106 acres of tillable farmland or to all of Ekman's property. The district court further found that Waterworth farmed only 106 acres and that Ekman retained possession of all other parts of her property. On appeal, Waterworth does not challenge these findings of fact; rather, he challenges the district court's legal conclusion.

The district court resolved the case primarily by reasoning that "[a]ny ambiguity in a written contract is to be resolved against the drafter." The district court's reasoning is consistent with the relevant caselaw. The supreme court has stated that "ambiguous contract terms must be construed against the drafter." *Hilligoss v. Cargill, Inc.*, 649

N.W.2d 142, 148 (Minn. 2002). This court has stated that, if a contract is ambiguous, "we construe its terms against the drafter in the absence of a clear showing that the parties intended a contrary meaning." *Untiedt v. Grand Labs., Inc.*, 552 N.W.2d 571, 574 (Minn. App. 1996), *review denied* (Minn. Oct. 15, 1996).

Waterworth nevertheless contends that the district court erred because there was no evidence of Ekman's intention with respect to the scope of the option and because the only evidence in the trial record was the evidence of *his* intention that the option provision would apply to *all* of Ekman's property. But the relevant caselaw uses the plural forms of nouns and pronouns. In *Motorsports Racing Plus, Inc. v. Arctic Cat Sales, Inc.*, 666 N.W.2d 320 (Minn. 2003), the supreme court stated, "Where the *parties* express *their* intent in unambiguous words . . . ." *Id.* at 323 (emphasis added). In *Turner*, the supreme court stated that the proper approach "is to allow the intent of *the parties* to prevail." 276 N.W.2d 66 (emphasis added). And in *Untiedt*, this court stated that we construe ambiguous terms against the drafter unless "*the parties* intended a contrary meaning." 552 N.W.2d at 574 (emphasis added). This body of caselaw indicates that a district court should give effect to the mutual intention of all parties to a contract. This body of caselaw is consistent with the caselaw concerning the parol evidence rule, which provides that, if a contract is ambiguous, "evidence of oral agreements tending to establish the intent of *the parties* is admissible." *Gutierrez v. Red River Distrib., Inc.*, 523 N.W.2d 907, 908 (Minn. 1994) (emphasis added). Waterworth has not cited any caselaw for the proposition that a district court is obligated to give effect to the intention of only one party if the other party's intention is unknown, and we are not aware of any such caselaw.

7

In addition to the principle that an ambiguous contract should be construed against its drafter, the district court's other findings support its conclusion. The fact that Waterworth farmed only 106 acres, while Ekman retained possession of all other parts of the 138.48-acre property, tends to prove that Ekman likely intended Waterworth's option to be limited to 106 acres. In addition, Waterworth's argument that the phrase "this land" refers to the legal description in the lease agreement is flawed because the legal description actually describes a 160-acre piece of property, which encompasses Ekman's 138.48-acre parcel but is not coextensive with Ekman's 138.48-acre parcel. Accordingly, if we were to adopt Waterworth's argument, our analysis would lead to the unreasonable conclusion that Ekman is obligated to convey property that she apparently does not own. Surely Ekman did not intend to grant such an option to Waterworth.

In sum, the district court did not err by concluding that Waterworth's purchase option applies only to the 106 acres of tillable farmland that he rented from Ekman.

**Affirmed.**